# PITTA LLP

Attorneys at law

120 Broadway, 28th Floor
New York, New York 10271
Tel: (212) 652-3890
Facsimile: (212) 652-3891

**Joseph M. Bonomo**
**Partner**
Direct Dial : (212) 652-3833
jbonomoi@pittalaw.com

March 4, 2026

***Via ECF***

The Hon. Valerie Figueredo, U.S.M.J
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Kenneth Castro v. OMTA Tech Inc. et al.*
Case No.: 1:26-cv-00133-LJL

Dear Honorable Magistrate Judge Figueredo:

Plaintiffs respectfully request limited pre-certification discovery in light of recent developments, as will be discussed below in greater detail, that bear directly on the integrity of the collective and putative class process.

This wage-and-hour class action alleges systemic unpaid overtime, off-the-clock work, misclassification, and related violations. Plaintiffs previously on multiple occasions sought limited identification discovery from Defendants, such as names, last-known addresses, telephone numbers, and email addresses of similarly situated workers, in order to facilitate conditional certification and court-supervised notice. Defendants have yet to acknowledge the same since as early as one month ago.

Since that time, Plaintiffs have learned that Defendants have been contacting putative collective and class members directly and conditioning payment of wages on execution of a "Payment Receipt & Release Agreement." A copy of the document recently obtained by the undersigned counsel. The purported release requires workers to confirm that no additional wages are owed, waive and release any current or future claims against Defendant OMTA, agree not to file suit, and maintain confidentiality. Plaintiffs are informed that workers have been asked to execute this document in order to receive payment for wages owed.

Plaintiffs do not seek to litigate the validity of any particular release at this stage. However, unsupervised settlement communications with putative collective members during pending litigation create a substantial risk of confusion, coercion, and interference with statutory rights. Courts in this Circuit have routinely recognized the need for early access to identifying information in order to facilitate timely and court-approved notice to potential opt-in plaintiffs. *See, e.g.*, *Lopez v. Thermo Tech. Mech. Inc.*, No. 20-CV-9113 (LTS) (BCM), 2023 WL 3756883 (S.D.N.Y. May 31, 2023). As courts have recognized, early identification discovery permits Plaintiffs to move for conditional certification earlier and allows putative class members to receive accurate, non-coercive information regarding their rights.

The ongoing direct communications and execution of broad releases underscore the need for court supervision here. Without access to contact information and an orderly notice process, the collective action risks being undermined before certification can be addressed.

Accordingly, Plaintiffs respectfully request that the Court: (i) order Defendants to produce, within fourteen (14) days, the names, last-known addresses, telephone numbers, and email addresses of all individuals employed by Defendants in the relevant positions during the applicable limitations period; (ii) direct that Defendants cease direct settlement communications with putative collective or class members regarding wage claims absent court approval or further order of this Court; and (iii) grant such other and further relief as the Court deems appropriate to preserve the integrity of the collective process.

Plaintiffs raised these concerns with defense counsel on February 2, 2026, and again on February 7 and February 24, 2026, but have received no acknowledgement or substantive response. Plaintiffs submit this request only after attempting to resolve the issue without Court intervention.

Plaintiffs are prepared to move promptly for conditional certification upon receipt of identification discovery and welcome the Court's guidance regarding an appropriate schedule.

Respectfully submitted,

Joseph Bonomo

Joseph M. Bonomo

cc: Stephen McQuade