UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                          :
KENNETH CASTRO, et al.,                                                   :
                                                                          :
                                     Plaintiffs,                          :
                                                                          :          26-cv-00133 (LJL)
                   -v-                                                     :
                                                                          :          MEMORANDUM AND
OMTA TECH INC. *d/b/a* OMTA TECH, et al.,                                  :              ORDER
                                                                          :
                                     Defendants.                          :
                                                                          :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/23/2026

LEWIS J. LIMAN, United States District Judge:

Plaintiffs in this wage-and-hour putative collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, move for pre-certification discovery of the names, last known addresses, telephone numbers and email addresses of similarly situated workers. Dkt. No. 21 at 1. Plaintiffs assert that Defendants have been contacting putative collective and class members directly and conditioning payment of wages on execution of a "Payment Receipt and Release Agreement," that allegedly requires workers to confirm that no additional wages are owed to them and waive and release current or future claims against Defendant and agree not to file suit. *Id.* Allegedly, the release also contains a confidentiality clause. *Id.* Plaintiffs seek an order that Defendants produce the names, last-known addresses, telephone numbers, and email addresses of all individuals employed by Defendants in the positions relevant to their collective action during the applicable limitations period and directing Defendants to cease direct settlement communications with putative collective or class members regarding wage claims absent court approval or further order of this Court. *Id.* at 2. The motion is denied without prejudice.

"[C]ourts in this district have proved 'very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage.'" *Vilella v. Pup Culture LLC*, 2023 WL 6318168, at *2 (S.D.N.Y. Sept. 28, 2023) (quoting *Beaton v. Verizon New York, Inc.*, 2020 WL 6449235, at *2–3 (E.D.N.Y. Nov, 3, 2020)); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016). Courts seek to "ensure the privacy of putative class members and to protect against the risk of discovery being used improperly by counsel to troll for potential clients" by requiring "a showing that such discovery is necessary for the plaintiff to support her assertions under Rule 23." *Vilella*, 2023 WL 6318168, at *2. Plaintiffs have not sufficiently supported their request for identities and contact information. *See Benavides*, 166 F. Supp. 3d at 492.

Plaintiffs' second request calls for a *Gulf Oil* order. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103 (1981). "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, *452* U.S. at 101. The ordinary remedy when an employer seeks a coercive pre-litigation release without informing the employee of his rights is that the release is unenforceable. *See Melendez v. Rockaway Maint. Partners Corp.*, 2023 WL 8113382, at *4 (S.D.N.Y. Nov. 22, 2023). "Intervention is warranted, however, where such communications [between defendant and its employees] are found to be misleading or coercive, as such communication poses 'a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.'" *Brown v. Mustang Sally's Spirits & Grill, Inc.*, 2012 WL 4764585, at *3 (W.D.N.Y. Oct. 5, 2012) (quoting *In re School Asbestos Litig.,* 842 F.2d 671, 680 (3d Cir.1988)). Plaintiffs' motion is solely supported by broad statements from counsel and is

not supported by an affidavit or other evidence.  Dkt. No. 21.  These statements provide an insufficient basis for a *Gulf Oil* order.

The Court has entered a case management plan today providing that initial requests for production of documents are to be served by April 22, 2026.  Plaintiffs seek to represent a collective comprised of all similarly situated persons who work or have worked as tradespersons including electricians, helpers, and apprentices at Defendant in New York City (the "putative FLSA Collective").  Dkt. No. 1 ¶ 94.  In addition to the initial request for production of documents, the Court authorizes Plaintiffs to serve a separate request for production of all versions of any request for a release or an acknowledgment that any employee in the FLSA Collective has been requested to sign or agree to within the three-year period prior to January 7, 2026.

The request for discovery and/or for a *Gulf Oil* order is denied without prejudice to renewal for failure to present a clear record that would support specific findings permitting such relief.  The Clerk of Court is respectfully directed to close Dkt. No. 21.

SO ORDERED.

Dated: March 23, 2026
      New York, New York

                              LEWIS J. LIMAN
                        United States District Judge