# PITTA LLP

Attorneys at Law

40 Wall Street, 24th Floor
New York, New York 10005
Tel: (212) 652-3890
Facsimile: (212) 652-3891

**Joseph M. Bonomo**
**Partner**
Direct Dial: (212) 652-3833
jbonomo@pittalaw.com

August 31, 2026

**VIA ECF**

Honorable Lewis J. Liman, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, New York 10007

**Re: Kenneth Castro, et al. v. OMTA Tech Inc., et al. (26-CV-0133 (LJL))**
**Request for a So-Ordered Stipulation and Conditional Class Certification**

Dear Judge Liman:

We represent Kenneth Casto and approximately 30 opt-in plaintiffs ("Plaintiff") in the above-captioned action against a construction subcontractor, OMTA Tech Inc. d/b/a OMTA Tech, its alleged owner Omer Tale ("OMTA Defendants"), and several general contractors including Defendants JRM Construction Management, LLC ("JRM") and Clune Construction Co. ("Clune") in connection with electrical work performed in and around the New York City area, alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law, and New York Wage Theft Prevention Act. We respectfully write concerning two related issues that bear directly upon the parties' ability to meaningfully participate in the upcoming Court-ordered mediation and expeditiously explore resolution of this action.

First, Plaintiffs entered into separate yet substantially identical stipulations ("Stipulations") with Defendants JRM and Clune (collectively, "Contractor Defendants"). (Dkt. 48 and 49). The Stipulations govern, among others, appearances, limited confirmatory discovery, and participation in the parties' ongoing settlement process. Plaintiffs and the respective Contractor Defendants respectfully request that the Court so-order the Stipulations.

Second, Plaintiffs respectfully request that the Court direct the OMTA Defendants to provide limited, anonymized pre-certification discovery necessary to permit the parties and the mediator to evaluate the potential scope and value of the claims before mediation. For several months, Plaintiffs have requested basic payroll, timekeeping, payment, and workforce information

from the OMTA Defendants. More recently, the Contractor Defendants, who have expressed a willingness to explore resolution of their respective potential project-specific liability under NYLL § 198-e pursuant to the Stipulations, have likewise on several occasions requested information from OMTA necessary to identify the workers assigned to their respective projects and evaluate potential exposure. Those requests have not resulted in the production of the basic payroll and timekeeping information necessary to conduct a meaningful valuation on a class-wide basis.

The absence of said records presents a practical obstacle to proceeding with mediation. Plaintiffs have independently developed substantial information from individual workers, including payroll records, time records, project histories, declarations, and damages data. Approximately 30 workers have already opted into or expressed their intention to participate in this Action. That information, however, necessarily remains incomplete. The OMTA Defendants possess or control centralized employment, payroll, timekeeping, and project-assignment records capable of identifying the outer limits of the affected workforce and permitting all parties to determine, among other things, how many correctly and/or misclassified employees worked, where they worked, the hours they worked, the rates they were promised and paid, and whether overtime and other compensation were properly paid.

Plaintiffs therefore respectfully request that, within fourteen (14) days after entry of the Court's Order, the OMTA Defendants be directed to produce a complete anonymized and de-identified dataset for all individuals who performed electrical or electrical-support work ("Electrical Worker") for OMTA during the relevant period. Each worker may be identified by a unique numerical identifier rather than by name. The production should be sufficient to identify, for each worker:

1. Dates of employment or engagement with OMTA;
2. Job title, classification, and type of work performed;
3. Each project, worksite, or location assigned and the approximate dates of each;
4. Hours worked, preferably by workweek;
5. Applicable hourly, daily, weekly, or other wage rate;
6. Gross wages and other compensation paid for each pay period;
7. The dates and method by which such compensation was paid;
8. Overtime compensation, if any, reflected as having been paid;
9. Payroll, timekeeping, E-Z Clocker, schedule, or similar data from which hours worked and compensation paid may be determined; and
10. Such other existing payroll or employment information reasonably necessary to permit the parties to evaluate the scope and potential value of the claims.

Plaintiffs and Contractor Defendants are not presently seeking personally identifying information (*i.e.*, names, addresses, contact information) of putative class or collective members through this request. Therefore, OMTA can produce the information requested using anonymized identification numbers, preserving employee privacy while providing the parties with the information necessary to meaningfully evaluate the case.

The relief requested herein is consistent with Your Honor's approach to limited pre-certification discovery in *Vilella v. Pup Culture LLC*, No. 23-cv-2291 (LJL). There, this Court recognized that pre-certification discovery is often necessary to provide sufficient information concerning potential class treatment, wherein it granted a narrowly tailored request for a de-identified employee list containing employment records alongside representative wage and hour records. Here, the requested disclosure is also consistent with the early-disclosure recommendations reflected in the Southern District's FLSA Pilot Program and mediation protocols, which admittedly is designed to promote the complete and expeditious resolution of wage and hour cases by requiring early production of records showing wages paid, hours worked, and compensation practices before mediation, since mediation cannot be meaningfully conducted if the party possessing the centralized payroll and timekeeping data declines to provide it.

The relief sought herein by Plaintiffs and Contractor Defendants is particularly appropriate given the current settlement posture. JRM and Clune have each expressed a willingness, subject to the reservations contained in the Stipulations, to meaningfully explore class-wide resolution of project-specific liability under NYLL § 198-e. Those efforts should not be frustrated by the continued absence of the payroll, timekeeping, and project-assignment records maintained by the subcontractor whose alleged wage practices form the basis for those statutory claims. The allegations concern repeated and substantial wage underpayments to hourly construction workers, including substantial overtime, delayed or incomplete payments, and instances in which workers contend that final wages were never paid. For such workers, the loss or delay of weeks of compensation is not merely an accounting dispute; it directly affects ordinary household obligations.

Accordingly, Plaintiffs and Contracting Defendants respectfully request that the Court:

1. So-order the executed Stipulations (Dkt. 48 and 49); and
2. Direct the OMTA Defendants, within fourteen (14) days of the Court's Order, to produce the anonymized and de-identified workforce, payroll, timekeeping, compensation, and project-assignment information described above, in reasonably usable electronic form.

Plaintiffs respectfully submit that this discreet and limited confirmatory pre-mediation disclosure will protect the privacy of the Electrical Workers, impose no undue burden on OMTA because it concerns records ordinarily maintained in the regular course of OMTA's business and is likely limited to less than 100 employees, materially assist the parties in the upcoming mediation, and permit all parties, including the Contractor Defendants, to evaluate whether this matter can be resolved without unnecessary certification and discovery motion practice.

We thank the Court for its attention to this matter.

Respectfully submitted,

*S/JOSEPH M. BONOMO*
Joseph M. Bonomo

cc: Counsel for OMTA Tech, Inc. and Omer Tale
Counsel for JRM
Counsel for Clune
Stephen Mc Quade, Esq.